UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mordechai Mermelstein,<br>individually and on behalf of all others similarly situated;<br>　　　　　　　　　　　Plaintiff,<br><br>　　　　-v.-<br><br>Associated Credit Services, Inc.;<br>　　　　　　　　　　　Defendant. | Index No.: 7:22-cv-9190<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mordechai Mermelstein ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Associated Credit Services, Inc. ("Defendant" or "ACS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8. Defendant Associated Credit Services, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. ACS has a service address at Corporation Service Company, 80 State Street, Albany, NY, 12207.

10. Upon information and belief, ACS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom the Defendant ACS sent a final demand for payment collection letter;

    c. attempting to collect a consumer debt;

    d. that states a zero-balance for interest amount and fees;

    e. although the total balance actually includes interest and fees; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

       members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to December 21, 2021, an obligation was allegedly incurred to non-party TD Bank, N.A. ("TD Bank").

22. The subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, for personal credit.

23. Thus, the alleged TD Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. TD Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, TD bank listed the account with ACS to collect on the alleged debt.

26. Defendant ACS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 21, 2021 Collection Letter*

27. On or about December 21, 2021, Defendant ACS sent the Plaintiff a final demand for payment collection letter ("Letter"). A copy of this Letter is attached as Exhibit A.

28. Defendant disputes the amount alleged as owed in the Letter.

29. The Letter lists the principal as $5,888.47.

30. The Letter lists the interest as $0.00.

31. The Letter lists the fees as $0.00.

32. The Letter then states that the total balance due is $5,888.47.

33. However, these amounts are false or deceptive.

34. The amount of interest due on the debt is more than zero dollars.

35. The amount of fees due on the debt is more than zero dollars.

36. The amount of principal due on the debt is less than $5,888.47.

37. In fact, the alleged "Principal" amount of the debt includes interest and/or fees.

38. To state that $5,888.47 represents only principal is therefore false, deceptive and unfair.

39. To state that there are no interest or fees owed is therefore false, deceptive and unfair.

40. Plaintiff was uncertain how much, if any, of that amount is attributable to principal.

41. Plaintiff was uncertain how much, if any, of that amount is attributable to interest or fees.

42. Plaintiff was uncertain of the correct balance for the principal.

43. Plaintiff was uncertain of the correct balance for interest and fees.

44. Plaintiff was misled as to his rights.

45. Defendant deceptively tried to make it appear that nothing was owed for interest or fees by making it appear that the balance consisted of only of principal.

46. If a debtor settles a debt, he is taxed on the principal amount settled, not interest or fees, so the Plaintiff needed to know this information.

47. Calling the entire balance "Principal" was merely a collection tactic to coerce the Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in his best interests.

48. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

49. Plaintiff was therefore forced to waste time and money in determining his response to the Letter.

50. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

51. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused negative credit furnishment to accrue, and ultimately be reported to third parties, to the Plaintiff's financial detriment.

52. Plaintiff also suffered emotional distress, including, but not limited to, anxiety and lost sleep, because of the Defendant's violations.

53. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

54. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

55. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, negligent infliction of emotional distress, fraud, conversion and defamation.

56. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

57. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

58. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

59. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the balances as stated in the Letter.

60. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Letter not been improper.

61. Plaintiff suspected that this entire collection was fraudulent in whole or in part.

62. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letter demanding payment appeared false and fraudulent, and did not make sense.

63. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

64. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

66. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

67. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

68. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

69. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

70. Plaintiff has a right to not be subject to collections that are deceptive, misleading, and harassing.

71. Yet the Defendant's Letter was.

72. As a result of the Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

73. Plaintiff repeats the above allegations as if set forth here.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

75. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. Defendant violated said section by:

    a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) by stating a zero-balance owed for interest and fees when the actual balance included interest and/or fees; and stating a "principal" balance that included interest and/or fees; and

    b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

77. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

78. Plaintiff repeats the above allegations as if set forth here.

79. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

80. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

81. Defendant violated this section by unfairly stating that no interest or fees were owed, when in fact one or both were owed, and that the balance consisted of only principal.

82. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mordechai Mermelstein, individually and on behalf of all others similarly situated, demands judgment from the Defendant ACS as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 26, 2022	Respectfully submitted,

**Stein Saks, PLLC**

/s/ Robert Yusko
By:  Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@steinsakslegal.com

*Attorneys for Plaintiff*